# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

**ANTHONY ROBERTSON**

    **PLAINTIFF,**

vs.

    **CAUSE NO.: 2:24-cv-03014-TLP-atc**
    **JURY TRIAL DEMANDED**

**SHELBY COUNTY, TENNESSEE,**
**MICHAEL JOHNSON in his individual**
**and official capacity, GAVIN SMITH,**
**in his individual and official capacity,**
**and JOHN DOES 1 through 5 in their**
**individual and official capacities.**

    **DEFENDANTS**

## UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT TO MODIFY AND ENLARGE SCHEDULING ORDER

**COMES NOW,** the Plaintiff, ANTHONY ROBERTSON, (hereinafter "Plaintiff"), by and through his undersigned counsel of record, and pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, files this Unopposed Motion to Modify and Enlarge the Scheduling Order currently existing in this action. In support of this Motion, Plaintiff incorporates herein, his Memorandum in Support of Motion to Modify Scheduling order. Should the Court deem it necessary, Plaintiff further respectfully requests a status conference hearing, which Plaintiff submits that, in conjunction with Plaintiff's Motion and Memorandum, would further assist the Court in understanding the circumstances and posture of the case and fairness, justice, and practical efficiency, which all necessitate an enlargement of the Scheduling Order in this cause.

1

**BACKGROUND**

On May 6, 2025, this Court entered the first Scheduling Order, setting a mediation deadline of July 11, 2025. On July 7, 2025, the parties jointly moved to modify this Scheduling Order because not all parties had appeared and discovery remained incomplete. This Court granted that motion, setting a new mediation deadline of September 15, 2025. The current Scheduling Order therefore requires that mediation occur by this date. Since entry of that order, the parties have continued to remain in the initial stages of discovery, as several key motions—including Plaintiff's Motion to Compel Discovery—remain pending before this Court. Resolution of those motions is necessary to ensure that all relevant materials are available for mediation. Counsel for all parties have conferred, and Defendants do not oppose the requested modification.

**ARGUMENT**

A district court may modify a Rule 16(b) scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has emphasized that "'[t]he primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Good cause may exist where new information or changed circumstances necessitate modification, so long as no prejudice results to the opposing party. *See Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) ("[M]odification is permitted under Rule 16 if [p]laintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline."); *see also Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005).

Here, the parties have diligently pursued discovery, but mediation at this juncture—without resolution of pending motions—would be premature and potentially unproductive. Extending the

2

mediation deadline will serve the interests of judicial economy and efficiency by ensuring that ADR occurs after the parties have a full and fair opportunity to review the relevant discovery. Furthermore, because opposing counsel for Defendants has expressly agreed to this modification, no party will be prejudiced by an extension. All deadlines require adjusting given the case posture: discovery is stagnant, and depositions and expert disclosures have not commenced or been practicable in the absence of the parties producing and receiving discovery.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Honorable Court modify the Scheduling Order and enlarge the mediation deadline, along with any corresponding dates, to a later date convenient to the Court.

RESPECTFULLY SUBMITTED,

***THE WHARTON LAW FIRM***

/s Andre C. Wharton
André C. Wharton #22588
1575 Madison Avenue
Memphis, TN 38104
(901) 726-6884
andrecwharton@thewhartonlawfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is being filed via the Court's ECF system this 17th day of September 2025, for service and process on all persons registered in connection with this case, including the following:

Joshua P. Warren
joshua.warren@shelbycountytn.gov
R.H. "Chip" Chockley
chip.chockley@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
*Attorneys for Defendant Shelby County*

Peako Jenkins
Peako.jenkins@ag.tn.gov
Assistant Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-8059
*Attorney for Defendant Gavin Smith*

                                                   /s/André C. Wharton
                                                 ANDRÉ C. WHARTON