IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case 2:24-cv-3014-TLP-atc |
| | ) |
| SHELBY COUNTY, TENNESSEE, and | ) |
| MICHAEL JOHNSON in his individual | ) |
| and official capacity, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Pursuant to the Court's Order on Plaintiff's Motion to Compel (ECF No. 63),[1] Plaintiff Anthony Robertson and Defendants Shelby County, Tennessee and Michael Johnson in his individual and official capacity have jointly submitted a proposed Protective Order to govern the production and exchange of discovery materials. Having reviewed the parties' submission, the Court ORDERS as follows:[2]

    1.    The parties have the right to designate as confidential any discovery materials in this action which they believe in good faith contains personal confidential information, trade secrets, commercial or financial information or any other proprietary or confidential information ("Confidential Discovery Material").

    2.    The parties shall designate Confidential Discovery Material as follows:

---

[1] The Motion was referred to the undersigned for determination by United States District Judge Thomas L. Parker on June 6, 2025. (ECF No. 36.)

[2] The Court has made minor edits to the parties' submission.

(a) In the case of documents, things, interrogatory answers, responses to requests for admission, requests for production of documents, and information contained therein, designation shall be made by stamping or printing the legend "Confidential" at the time it is produced. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practical. All data on any disk or other compilation of electronic data which is labeled as "Confidential" shall be deemed to be Confidential Discovery Material even if the individual files thereon do not contain such a label.

(b) In the case of the filing of depositions which contain Confidential Discovery Material, any information from Confidential Discovery Material shall be redacted from the text of the transcript or exhibits, or the deposition and its exhibits shall be filed under seal.

3. The Confidential Discovery Material, and copies thereof, and the information contained therein, shall only be made available to and inspected by:

(a) The parties, their officers, employees and agents who are assisting in prosecuting or defending this action;

(b) Counsel for the parties in this action, and their employees who are working on this litigation;

(c) Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

(d) Other witnesses or deponents and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation; and

(e) The Court and court personnel.

4.      All Confidential Discovery Material, including all copies and information obtained from Confidential Discovery Material shall, subject to the provisions hereof, be used by the person receiving it only in connection with prosecuting or defending this action.

5.      Each individual who receives any Confidential Discovery Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Order.

6.      In the event that any party or counsel for any party determines that the prosecution of this action requires that the Confidential Discovery Material be disclosed to persons not otherwise authorized herein, such party or counsel shall provide the other parties written notice or email of the intended disclosure (which notice shall specify with particularity the Confidential Discovery Material to be disclosed and the identity of the otherwise unauthorized person).  This written notice shall be given not less than five (5) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case.  If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the Confidential Discovery Material shall not be disclosed unless the Court so orders.

7.      The Confidential Discovery Material and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed under seal in the manner set forth by the Federal Rules of Civil Procedure and Local Rules.

8.      In the event that any party receives a third-party subpoena or other form of legal process requesting the Confidential Discovery Material, the party receiving such request will provide the other parties written notice by facsimile or hand delivery that such a request was received and will provide a copy of the request with the written notice.  The party receiving the

third party subpoena or other form of legal process shall provide notice by facsimile or hand delivery of the request to the other parties within five days of receiving the subpoena and shall not produce the requested documents for at least ten business days after giving such notice, unless the other parties state in writing that they do not intend to seek protection in connection with the third party subpoena or other form of legal process concerning the Confidential Discovery Material. If the subpoena requires production of the Confidential Discovery Material in less than fifteen days, the party must provide written notice by facsimile immediately.

9. At the conclusion of this action, the Confidential Discovery Material, including all copies, extracts and summaries and all documents containing information taken therefrom, shall be destroyed or, upon immediate written request by the nonproducing party, be returned to the producing party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action.

10. In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Protective Order and send it to all other counsel for the parties and cause same to be filed with the Court.

11. Any party may request in writing at any time the release of documents, testimony or other materials designated as "Confidential" or filed under seal, from the requirements of this Order. Such materials shall be released unless, within seven (7) business days of receipt of such written request, counsel of record for the designating party makes a good faith objection in writing to the release of such materials, based on counsel's reasonable belief that such materials contain or reflect information properly designated as "Confidential." Disputes concerning the confidential nature of such materials shall be resolved by the Court prior to dissemination.

12. Nothing in this Protective Order shall be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection or the elimination of the current protection with respect to the confidentiality or lack of confidentiality of documents, testimony, court papers or other matters.

13. Nothing in this Protective Order shall prejudice the right of any party to bring before this Court any question as to whether any particular document(s) or deposition transcript(s) should be or should not be filed under seal or designated as "Confidential."

14. In order to permit discovery to proceed without further delay, this Protective Order shall be effective from the date of entry and shall apply and be enforceable from that date forward with respect to the Confidential Discovery Material.

SO ORDERED this 6th day of January, 2026.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE