IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTHONY ROBERTSON,**

    Plaintiff,

v.                                                                                          **NO.:** 2:24-cv-03014-TLP-atc

**SHELBY COUNTY, TENNESSEE, et al.**

    Defendants.

---

**DEFENDANT ESTATE OF MICHAEL JOHNSON'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

---

Defendant Estate of Michael Johnson hereby submits this reply to Plaintiff's Response to Defendant Estate of Micheal Johnson's Motion to Dismiss and Motion to Stay and Supporting Memorandum of Law (ECF No. 69) ("Response"), pursuant to Local Rule 12.1(c) in further support its Memorandum of Law in Support of Defendant Estate of Michael Johnson's Motion to Dismiss and Motion to Stay (ECF No. 62-1).

## LAW AND ARGUMENT

### A. *Plaintiff's arguments cite to his First Amended Complaint, which has been superseded.*

Plaintiff argues in his Response that he has pleaded sufficient facts upon which relief may be sought and granted against Defendant Estate of Michael Johnson. In support of this Plaintiff repeatedly cites to his first Amended Complaint (ECF No. 12) and Michael Johnson's Motion to Dismiss the first Amended Complaint (ECF No. 17). However, Plaintiff has amended his Complaint twice more since then. (ECF Nos. 21, 40). "An amended complaint supersedes an earlier complaint for all purposes." *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressor Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)); *see also*

*Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4, 129 S.Ct. 1109, 172 L.Ed.2d 836 (2009). What is presently before the Court is Defendant Estate of Michael Johnson's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 62, 62-1).

### B.    Plaintiff Cannot Establish that Michael Johnson, in his role as    Assistant Public Defender, Acted Under Color of State Law, Pursuant to 42 U.S.C. § 1983.

Plaintiff argues in his Response that Michael Johnson, as an employee of the Shelby County Public Defender's Office, acted under color of law because he failed to verify Plaintiff's "name, date of birth, social security number, and RNI alongside the charges," and that in his view, are administrative and investigatory tasks that therefore fall under the exceptions enumerated in *Polk County*. (ECF No. 69, p. 7-8).  Plaintiff cites no authority in support of this argument.

This argument is a distortion of the holding in *Polk County*. That case held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981).  The Court noted that a public defender can act under color of state law in certain circumstances, such as when making hiring and firing decisions on behalf of the state. *Id.* (citing *Brnti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)). The Court noted, in dicta, a further potential exception to the general rule, that a public defender may act under color of state law while performing certain administrative and possibly investigative functions. *Id.* at 325.  Plaintiff would have us read the Supreme Court's holding inversely, arguing that a public defender's failure to perform administrative and investigatory functions converts him to a state actor.

2

Plaintiff is correct that the courts have scarcely discussed duties of public defenders which are "administrative or investigative." However there are several federal courts which have weighed in on the issue.

In *Miranda v. Clark Cnty., Nevada*, 319 F.3d 465 (9th Cir. 2003), a former criminal defendant whose capital murder conviction was overturned on collateral review on the grounds of ineffective assistance of counsel brought a § 1983 action against Clark County, head of county's public defender office, and the assistant public defender who represented him, alleging violations of his rights of confrontation, including, but not limited to, his right to effective assistance of counsel. *Miranda*, 319 F.3d 465, 467. The plaintiff alleged that the public defender failed to interview witnesses and ineffectively represented him at trial.

The Ninth Circuit held that the assistant public defender, under the reasoning of *Polk County*, was not a state actor. ("The result reached by both the district court and the three-judge panel in this case, in holding he was not a state actor, is required by the Supreme Court's decision in *Polk County*.") *Id.* The court held that the assistant public defender had assumed his role as counsel and thus had begun to perform a lawyer's traditional functions. *Id*. The court noted that the Supreme Court's holding in *Polk County* was not predicated on whether the lawyer was in fact exercising independent judgment, but rather it emphasized that it is the traditional lawyer role that controls. *Id.* It held that in that traditional role, the assistant public defender was acting under the ethical standards of a lawyer-client relationship and dismissed the complaint against him on the ground that, as a matter of law, he was not a state actor. *Id.*

In *Powell v. Davis*, 415 F.3d 722 (7th Cir. 2005), the plaintiff had been convicted of murder and attempted murder in Indiana state court, and sued his public defender on the basis of a case management policy which resulted in inadequate representation. *Id.* at 724. The court declined to

3

adopt the theory that the public defender's case management policy falls within the administrative exception to the *Polk County* rule. *Id.* at 727. ("[T]he public defender's case management priorities are not the type of administrative measures, like firing and budgetary decisions, that would make the office a state actor under the administrative-action exception for public defenders identified in *Polk County*.") The court concluded that the policy for handling cases is akin to the traditional functions of a law firm in organizing caseload among its lawyers, and therefore is not state action. *Id.* at 727-28 (citations omitted).

In *Albrecht v. Hamilton*, 233 F. App'x. 122 (2007), a state prisoner brought a civil rights action under 42 U.S.C. § 1983 against the public defender appointed to represent him in post-conviction proceedings and the chief deputy public defender at that time, alleging that they conspired to withdraw his post-conviction relief ("PCR") in retaliation for the plaintiff having filed a grievance against the public defender with the Office of Attorney Ethics. *Albrecht*, 233 F. App'x. 122, 123. Specifically, the plaintiff claimed his public defender refused to investigate his claims or interview witnesses for the evidentiary hearing on his PCR, failed to file a brief in support of the petition, and ignored his phone calls. *Id.* The district court dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A. Specifically the court held that the public defender and chief public defender were not "state actors" within the meaning of § 1983. *Id.* at 123-24. The plaintiff filed a motion to reconsider, which the district court denied. Plaintiff then appealed to the Court of Appeals for the Third Circuit. *Id.* at 124.

The plaintiff argued that his allegations established a claim under the "administrative action" exception identified in *Polk County*. *Id.* The Third Circuit affirmed the district court's ruling, holding that the defendants as public defenders do not act under color of law for purposes

4

of § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. It further held that the "administrative action" exception to *Polk* did not apply to the defendants' conduct, because the plaintiff's allegations in his complaint pertained solely to defendants' actions as litigators in a particular case, and did not relate to their roles as administrators of a government office. *Id.*

In *Bowdry v. Ochalla*, 605 F. Supp. 2d 1009 (N.D. Ill. 2009), a former state inmate, brought § 1983 action against attorneys employed by county public defender's office, alleging that attorneys' respective failure to notice and correct error in mittimus had resulted in inmate's incarceration for extra three months, and asserting violations of due process, equal protection, and Eighth Amendment's prohibition against cruel and unusual punishment. *Bowdry*, 605 F. Supp. 2d 1009, 1010. The defendants moved to dismiss the plaintiff's complaint, relying on the holding in *Polk County* and arguing that the plaintiff could not prove that they were state actors for purposes of § 1983. *Id.* at 1011. The plaintiff argued that the defendants' failure to arrange for correction of the *mittimus* falls into the administrative exception to the rule of *Polk County*. *Id.* at 1012. The plaintiff argued that the defendants were acting in a sufficiently administrative capacity because, in his belief, reviewing and correcting a *mittimus* is "essentially administrative" and thus beyond the traditional, adversarial role of defense counsel. *Id.* at 1014. The court held that Defendants' actions with respect to the *mittimus* were not performed pursuant to any alleged policy, and although those actions may not have been part of an adversary proceeding (review of a *mittimus* occurs post-judgment) they were nonetheless traditional legal functions. *Id.* at 1015.

Plaintiff argues in his Response that Michael Johnson acted under the color of law in his capacity of public defender because his acts or omissions were not an exercise of his independent judgment in a criminal proceeding. (ECF. No. 69, p. 8-9). However, the holding in *Polk County*

5

was predicated on a public defender's traditional functions as counsel to a defendant in a criminal proceeding, *Polk County*, at 325, and not whether the lawyer was in fact exercising independent judgement, *Miranda*, at 468, or whether or not performed during an adversarial proceeding, *Bowdry*, at 1015.

Here, Michael Johnson was assigned to represent and serve as counsel to Plaintiff in his criminal case on or about March 14, 2024. (ECF No. 40, ¶ 34). In that traditional role, Michael Johnson was acting under the ethical standards of a lawyer-client relationship. *See Miranda*, at 468. He was "[h]eld to the same standards of competence of competence and integrity as a private lawyer." *Id.* (citing *Polk County*, at 321).

Plaintiff's claims against Michael Johnson are essentially for allegations of inadequate representation. Similar to the plaintiff in *Miranda*, Plaintiff alleges: that he throughout his incarceration he maintained his innocence; (ECF. No. 40, ¶ 35); *Miranda*, at 467 (Miranda truthfully maintained his innocence); and that Michael Johnson did not perform actions that would have exonerated him, i.e., verifying "his name, date of birth, social security number, and any other identifying information associated with Plaintiff in reference to his incarceration …" (ECF No. 40, ¶ 36); *Miranda*, at 647 (Miranda provided assistant public defender a list of forty witnesses who could provide information on who actually committed the crime, however assistant public defender only interviewed three of them and subpoenaed none for trial). When an individual public defender, under the ethical standards of a lawyer-client relationship, performs his traditional functions as counsel to a criminal defendant, allegations of inadequate representation do not convert the public defender to a state actor within the meaning of § 1983. *Miranda*, at 468. Like the assistant public defender in *Miranda*, Michael Johnson, as Plaintiff's counsel, was under the ethical standards of a lawyer-client relationship, and his function was to represent his client, and

6

not the interests of the county or state. *Id.* An individual public defender's actions pertaining solely to their role as counsel to a defendant in a criminal proceeding and not related to their role as an administrator of a government, are not state action under § 1983. *Albrecht*, at 124.

In the present case, Plaintiff's § 1983 claims against Defendant Estate of Michael Johnson alleged in his Third Amended Complaint (ECF No. 40) should be dismissed as a matter of law because Michael Johnson, as an individual public defender, performing the traditional functions as counsel to a criminal defendant (Plaintiff), under the ethical standards of a lawyer-client relationship, is not a state actor within the meaning of § 1983. Further, Plaintiff pleads insufficient facts to establishing that Michael Johnson's actions were administrative or pursuant to a systemic policy or custom. Therefore, Plaintiff has failed to state a claim against Defendant Estate of Michael Johnson and his claim under 42 U.S.C. § 1983 against it should be dismissed.

### C. *Plaintiff Fails to Plead Sufficient Facts that Michael Johnson's actions amounted to a conspiracy with ADA Smith to violate Plaintiff's constitutional rights and/or alternatively, amount to legal malpractice.*

In his Response, Plaintiff alleges that he has sufficiently pled a § 1983 claim for conspiracy to violate Plaintiff's constitutional rights based on averments in his Third Amended Complaint. (ECF No. 69, p. 11). Plaintiff additionally cites to a March 20, 2024, email between Defendant Gavin Smith ("ADA Smith") and Michael Johnson in support of his allegation. (ECF No. 69, p. 11, n. 1).

Plaintiff is correct that while the general rule is that a public defender does not act "under color of state law" while representing a client for the purpose of 42 U.S.C. § 1983, there exists an exception when they are engaged in a conspiracy with state official to deprive another of his federal rights. *Tower v. Glover*, 467 U.S. 914, 916, 923 (1984). Plaintiff is also correct that an otherwise private person acts "under color of state law" when engaged in a conspiracy with state officials to

7

deprive another of federal rights. *Tower*, at 920 (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). However, Plaintiff's Third Amended Complaint is devoid of facts to support an allegation that Michael Johnson participated in a conspiracy with the State to deprive Plaintiff of his federal rights.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (citations and internal quotations marks omitted) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict.").

Here, Plaintiff's Third Amended Complaint does not contain a separate count for conspiracy to violate Plaintiff's constitutional rights—in fact it does not mention the word "conspiracy" at all. The paragraphs that Plaintiff cites to in his Response are vague and consist of primarily of legal conclusions: (1) Plaintiff avers Defendant Michael Johnson "enabled the unjustifiably prolonged incarceration of Plaintiff Anthony Robertson." (ECF No. 69, p. 11)

8

(quoting ECF No. 40, p. 5, ¶ 11); that Michael Johnson was aware of his wrongful arrest and incarceration but failed to take action, (ECF No. 69, p.11) (citing ECF No. 40, ¶¶ 34-35); that "Defendant County, Defendant Attorney, and Defendant ADA Smith […] and Defendants John Does, jointly and/or severally, deprived him of him of his clearly established" constitutional rights, (ECF No. 69, p. 11) (quoting ECF No. 40, ¶ 41); and that when combined, certain paragraphs in his Third Amended Complaint, contain averments that Plaintiff's "arrest and unconstitutional detention, his deliberate indifference … enabling the perpetuation of his imprisonment." (ECF No. 69, p. 11) (quoting ECF No. 40, ¶ 41 (A, C)).

Here, Plaintiff's allegations are wholly vague and conclusory. They allege no facts that indicate the existence of a plan, much less that any defendant shared a conspiratorial objective Plaintiff's failure to plead a plan or agreement that the Defendants would violate his constitutional rights is fatal to his conspiracy claim. *See Mettetal v. Vanderbilt Univ., Legal Dep't*, 147 Fed. Appx. 577, 585 (6th Cir. 2005) (concluding that a district court correctly dismissed certain conspiracy claims for failure to allege that the parties entered into an agreement or formed a single plan).

The Supreme Court has held that allegations which merely hint at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Additionally, the Supreme Court has recognized that, although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim when that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed … behavior." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 567). Here, Plaintiff has alleged no facts "create[ing] a reasonable inference that multiple defendants reached a conscious agreement or coordinated their efforts to engage in tortious

9

conduct." *Griffin v. Haywood Cty., Tennessee*, No. 1:23-CV-02142-STA-JAY, 2023 WL 6962712, at *3 (W.D. Tenn. Oct. 20, 2023), aff'd sub nom. *Griffin v. Hunter*, No. 24-5004, 2024 WL 4512531 (6th Cir. Oct. 17, 2024) (quoting *ImageTrend, Inc. v. Locality Media, Inc.*, 2022 WL 17128009, at *7 (D. Minn. Nov. 22, 2022)).

Plaintiff argues in the alternative that Michael Johnson's actions amount to legal malpractice. To the extent that Plaintiff is asserting a claim of ineffective assistance of counsel under the Sixth Amendment, see U.S. Const amend. VI (providing for "the Assistance of Counsel for [a defendant's] defense), ineffective assistance of counsel is not a cognizable claim under § 1983, which applies only to action committed "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cty. Of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cty. V. Dodson*, 454 U.S. 312, 325 (1981)). Plaintiff does not state ineffective assistance of counsel claim upon which relief can be granted.

As discussed in Defendant's original motion. Michael Johnson has immunity from state law claims arising from the execution of his official duties as a public defender. *See* Tenn. Code Ann. § 8-14-109. The immunity provided to public defenders for state negligence claims also extend to legal malpractice claims. *Darnell v. Stack*, 1992 WL 205251 (Tenn.Ct.App.1992); *Osborn v. Goodlet*, 2005 WL 1713868 (Tenn.Ct.App.2005); *Luster v. Smoot*, 2002 WL 826927 (Tenn.Ct.App.2002); *Brumit v. Perkins*, 1997 WL 764475 (Tenn.Ct.App.1997)[1].

## **CONCLUSION**

For all the reasons set forth above, Defendant Estate of Michael Johnson

---

[1] Cases cite to previous statute codified as Tenn. Code Ann. § 8-14-209 which was transferred to § 8-14-109 by the Code Commission in 2016.

10

respectfully requests that the claims alleged against it in Plaintiff's Third Amended Complaint be dismissed and that this case be stayed until a qualified immunity determination is made.

        Respectfully submitted,

        */s/Joshua P. Warren*
        JOSHUA P. WARREN (#37933)
        joshua.warren@shelbycountytn.gov
        R.H. "CHIP" CHOCKLEY (#22681)
        chip.chockley@shelbycountytn.gov
        SHELBY COUNTY ATTORNEY'S OFFICE
        160 North Main Street, Suite 950
        Memphis, TN 38103
        (901) 222-2100

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system this 9th day of February 2026, for service on all persons reregistered in connection with this case, including the following:

André C. Wharton
1575 Madison Avenue
Memphis, TN 38104
*Attorney for the Plaintiff*

Peako Jenkins
Office of Tennessee Attorney General and Reporter
Law Enforcement and Special
Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202
*Counsel for Defendant Gavin Smith*

        */s/Joshua P. Warren*
        Joshua P. Warren

11