IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

ANTHONY ROBERTSON

    PLAINTIFF,

vs.

CAUSE NO.: 2:24-cv-03014-TLP-atc
JURY TRIAL DEMANDED

SHELBY COUNTY, TENNESSEE,
ESTATE OF MICHAEL JOHNSON,
GAVIN SMITH, in his individual
and official capacity, and JOHN DOES
1 through 5 in their individual and official capacities,

    DEFENDANTS.

**PLAINTIFF ANTHONY ROBERTSON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT GAVIN SMITH'S MOTION TO STAY DISCOVERY**

## INTRODUCTION

Plaintiff Anthony Robertson brought claims against Defendant Assistant District Attorney Gavin Smith ("Defendant Smith") and others for violation of his constitutional rights under 42 U.S.C. § 1983. Defendant Smith seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) by invoking absolute prosecutorial immunity and, if that fails, qualified immunity. Defendant Smith further requests "that the Court stay all discovery until it has ruled on the pending motion to dismiss." Dkt. 72, Page ID ##415-17. Plaintiff vehemently opposes Defendant Smith motion to stay discovery and requests that the Court to deny the motion.

## LEGAL STANDARD

It is well established that "decisions on how best to manage discovery [are left] to the district court's discretion." *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020). "It is up to the district court to take qualified immunity into account when developing its discovery plan." *Id.*

## ARGUMENT

**Discovery should not be stayed because the threshold immunity question is answered and discovery is necessary to frame the facts pertinent to the issue of immunity.**

This Court should exercise its discretion to proceed with discovery to ensure that a factual record is developed to determine whether Defendant Smith is entitled to the defense of immunity. Relevant facts, such as the defendant's actions or knowledge, are necessary to determine immunity and can best be established through discovery. *See Grose v. Caruso*, 284 Fed.Appx. 279, 283 (6th Cir. 2008). "[D]iscovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue." *Nichols v. Knox County, TN* 2013 WL 12214450 at *3 (E.D. Tenn. October 9, 2013). Immunity is a fact-intensive endeavor that makes it difficult to dismiss a claim of violating an established right before discovery. *See Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth* 472 U.S. 511, 526 (1985). In other words, when a plaintiff's allegations include a violation of a clearly established right, a defendant claiming qualified immunity is not entitled to dismissal before the commencement of discovery.

A stay of discovery, or dismissal prior to discovery, is only required when there remains a question as to whether a plaintiff has properly pleaded a violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged violation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818-19. (1982) ("If the law at that time was not clearly established,

an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is resolved, discovery should not be allowed."). Here, in his Complaint Plaintiff Robertson alleges Defendant Smith's extra-prosecutorial investigative and administrative conduct prevents Defendant Smith from raising the defense of absolute prosecutorial immunity and therefore qualified immunity is his only possible defense. D. 40, Page ID ##241,-47. ¶¶11, 41 Plaintiff Robertson further alleges that Defendant Smith violated Plaintiff Robertson's clearly established rights under the Fourth, Fifth, and Eight Amendments to the Constitution. Id., Page ID ##241,-247, ¶¶ 11, 41. These rights are well established and have been clear since the enactment of the Fourteenth Amendment. Discovery is necessary, therefore, to determine if Defendant Smith committed the acts alleged that, based on ample case authority cited in Plaintiff's Response to Defendant's Motion to Dismiss, could warrant Plaintiff relief and remove the defenses of immunity altogether creating issues of fact for jury to decide. Dkt. 68.

Qualified immunity is only granted when the alleged violation was not clearly established at the time. Therefore, "some measure of discovery may sometimes be required to determine exactly what a public-official defendant did 'know' at the time of his actions." *Harlow*, 457 U.S. at 821 (Brennan, J., concurring). Defendant Smith asserts that his motion to dismiss the suit due to his immunity from suit permits a stay of discovery. Dkt. 72, Page ID ##415-17. However, if discovery were stayed pending the motion to dismiss, the Court would have to rely only on the allegations in the Complaint, in the light most favorable to the plaintiff, and thus would find that Defendant Smith is not entitled to qualified immunity. *See Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 232 (6th Cir. 2005).

Raising an immunity defense at the pretrial stage does not prohibit discovery until the issue of immunity is resolved because at this stage the only questions that may dispose of the case is whether the complaint alleges a violation of a right and whether that right was clearly established at the time of the alleged violation. The Court in *Mitchell*, relying on *Harlow*, acknowledged that "an entitlement not to stand trial or face the other burdens of litigation", such as discovery, is "conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff *complains* violated clearly established law." *Mitchell*, 472 U.S. at 526 (emphasis added). Plaintiff Robertson's claims against Smith allege a violation of clearly established foundational rights found in the Constitution, as well as relevant federal statutes. Dkt. 40 ##247-48.

Furthermore, "qualified immunity is generally inappropriate at the motion to dismiss stage." *Wesley v. Campbell,* 779 F.3d 421, 433-34 (6th Cir. 2015). Indeed, the bulk of Defendant Smith's authorities in support of his motion to stay discovery involve a motion for summary judgement after discovery. "Dismissals on the basis of immunity are generally made pursuant to Fed.R.Civ.P. 56 summary judgment motions, not 12(b)(6) sufficiency of pleadings motions." *Grose*, 284 F.App'x. at 283. Defendant Smith's own motion to dismiss reinforces this point.[1] Pursuant to Rule 56, "[s]ummary judgment is appropriate "if the pleadings, the *discovery* and the disclosure materials on file, and any affidavits 'show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Wesley, 779 F.3d at 434 (quoting Fed.R.Civ.P. 56) (emphasis added). To decide the issue of immunity before discovery

---

[1] In his Motion to Dismiss, Defendant Smith introduced an indictment sheet that was outside the pleadings which Plaintiff Robertson submits converted his Motion to Dismiss to a Motion for Summary Judgment. *Plaintiff Anthony Robertson's Memorandum in Opposition to Defendant Gavin Smith's Motion to Dismis*s, Dkt. 68, Page ID ##380 (citing *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009)) (explaining that the introduction of evidence beyond the pleadings effectively converts a motion to dismiss to a motion for summary judgment)

would deprive Plaintiff Robertson of a fair opportunity to develop the factual record from which the Court can determine the applicability of immunity. *See Grose* 284 F.App'x. at 283.

The threshold question of immunity that must be answered before proceeding with discovery is whether a plaintiff has alleged a violation of a clearly established right. Plaintiff Robertson has adequately pled that Defendant Smith violated of Plaintiff's clearly established constitutional rights when Defendant Smith's actions and omissions caused Plaintiff's unconstitutional detention. Defendant Smith's response to the allegations against him do not assert that the Plaintiff has failed to allege an appropriate violation. Instead, Defendant Smith relies only on the privilege of absolute prosecutorial immunity or qualified immunity to support a stay of discovery. The Supreme Court has made clear that discovery is necessary to determine if the defense applies. "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment[2] *if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.*" *Mitchell*, 472 U.S. at 526. (emphasis added).

Indeed, this issue was discussed in *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998) where the Supreme Court expressly ruled "the judge should give priority to discovery concerning the issues that bear upon the qualified immunity defense, such as the actions the official actually took. Since that defense should be resolved as early as possible." *Crawford-El* further explains "[g]iven the wide variety of civil rights and "constitutional tort" claims that trial judges confront, broad discretion in the management of the factfinding process may be more useful and *equitable* to all

---

[2] Again the *Mitchell* case and *Crawford-El, infra,* are addressing immunity in the summary judgment context not a motion to dismiss. (*See* Fed. R. Civ. Proc. 56(d) discussing when certain facts are not available to the nonmovant and allowing several remedies including the nonmovant to take discovery. While the Defendant's Motion is a Motion to Dismiss, the principle underlying this rule is the same and is consistent with the rulings and case authority Plaintiff Robertson has cited herein.

parties than the categorical rule imposed by the Court of Appeals." *Id.* at 600-601. (emphasis added). Again, *Crawford-El* was a case addressing immunity at the *summary judgment* stage.

Accordingly, given the posture of the case and Plaintiff Robertson's facts and theories pled in his Complaint, in order to balance the equities and properly conduct factfinding to Defendant Smith and others' roles and actions, Plaintiff is entitled to proceed with discovery to appropriately flush out the issues pertinent at the very least to the immunity issue.

## CONCLUSION

Because the factual record has yet to be developed, the status of the matter is prior to a motion for summary judgment and Plaintiff Robertson has adequately pled a violation of clearly established constitutional rights, Defendant Smith's Motion to Stay Discovery should be denied as unripe. In the alternative, Plaintiff requests that the Court permit limited discovery pending the Motion to Dismiss which arguably the Court should consider as a Motion for Summary Judgment based on the reasons cited herein.

        RESPECTFULLY SUBMITTED,

        ***THE WHARTON LAW FIRM***

        /s Andre C. Wharton
        André C. Wharton #22588
        1575 Madison Avenue
        Memphis, TN 38104
        (901) 726-6884
        andrecwharton@thewhartonlawfirm.com
        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing is being filed via the Court's ECF system this 13th day of February 2026, for service and process on all persons registered in connection with this case, including the following:

Joshua P. Warren
joshua.warren@shelbycountytn.gov
R.H. "Chip" Chockley
chip.chockley@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
*Attorneys for Defendant Shelby County*

Peako Jenkins
Peako.jenkins@ag.tn.gov
Assistant Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-8059
*Attorney for Defendant Gavin Smith*

                                              /s/André C. Wharton
                                              ANDRÉ C. WHARTON