IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MR. ANTHONY ROBERTSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 2:24-cv-03014-TLP-atc |
| v. | ) |
| | ) |
| SHELBY COUNTY, MR. MICHAEL JOHNSON, in his individual and official capacity, GAVIN SMITH, in his individual and official capacity, JOHN DOES (1–5), in their individual and official capacities, and ESTATE OF MICHAEL JOHNSON, by and through Kevin Childress, Administrator ad Litem, | ) ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

### ORDER STAYING DISCOVERY AS TO DEFENDANTS ESTATE OF MICHAEL JOHNSON AND GAVIN SMITH

Defendants Estate of Michael Johnson and Gavin Smith move to stay discovery pending the Court's resolution of their motions to dismiss based on qualified immunity. (ECF Nos. 62, 71.) Plaintiff opposes a stay. (ECF Nos. 69, 76.) For the reasons below, the Court **GRANTS** the Motions to Stay.

Qualified immunity shields state officials from lawsuits unless a plaintiff can show "(1) that an official violated a statutory or constitutional right, and (2) that right was clearly established when the events took place." *Romero v. City of Lansing, Michigan*, 159 F.4th 1002, 1007 (6th Cir. 2025) (citation omitted). The Sixth Circuit "disfavors granting qualified immunity at the motion-to-dismiss stage." *Id.* at 1008 (citation omitted). Even still, if a defendant moves to dismiss based on qualified immunity, courts "must 'stay discovery until that

1

issue is decided.'"  *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).  That is because qualified immunity protects state officials from "unnecessary and burdensome discovery."  *Id.*

Defendants Estate of Michael Johnson and Gavin Smith have asserted qualified immunity as a basis for dismissal here and moved to stay.  (ECF Nos. 62, 71.)  Plaintiff opposes the stay.  As to Estate of Michael Johnson's, he argues that "[this] matter does not warrant . . . a stay of discovery . . . because the facts do not support application of qualified immunity."  (ECF No. 69 at PageID 406.)  And as to Gavin Smith's Motion, he argues that "if discovery were stayed pending the motion to dismiss, the Court would have to rely only on the allegations in the Complaint . . . and thus find that Defendant Smith is not entitled to qualified immunity."  (ECF No. 76 at PageID 433.)  But these are merits arguments.  They do not counter the authority holding that the Court must stay the case until it decides the qualified immunity defenses raised here.

The Court therefore **GRANTS** Estate of Michael Johnson's and Gavin Smith's Motions to Stay.[1]  And the Court **STAYS** discovery related to those Defendants until it rules on their pending Motions to Dismiss.

**SO ORDERED**, this 19th day of February, 2026.

    s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] Estate of Michael Johnson moved to dismiss and stay in the same motion.  (*See* ECF No. 62.)  The Court is not ruling on the merits of that motion to dismiss in this Order.